UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AKOSUA AAEBO AKHAN,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-3812 (TSC) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Akosua Aaebo Akhan filed this action against the United States of America, the Unified Government of Wyandotte County (Kansas City, Kansas), Esther Jean Ross, and Malcolm Corneilius Burton. Compl., ECF No. 11 at 6. For the following reasons, the court will dismiss this action *sua sponte*.

### I.   BACKGROUND

Plaintiff's claims are unclear and do not appear to be based on actual facts. She asserts that this action involves, *inter alia*, "theft, fraud, fraud by conversion, negligence, trespassing, and human trafficking" and is for "real property, monetary damages, punitive damages, and reparations." *Id.* Specifically, Plaintiff claims that both of her parents were royal Black Indigenous Americans, she is an heiress, and Ross "human trafficked [her] at birth" to hide the fact that she was entitled to inherit land. *Id.* at 7. She further claims that Ross "physically, mentally, spiritually, emotionally, socially, politically, culturally, and financially abused [her] from birth under the guise

of being a loving mother," as well as forced her "to engage in sexual servitude and forced labor for over forty years." *Id.* at 8.

Plaintiff claims that she escaped countless times over the past four decades but was captured or forced to surrender. *Id.* at 8. She claims that while she was enslaved Ross arranged three legal marriages that she forced Plaintiff to participate in. *Id.* at 9. Plaintiff also claims that Ross forced her to register for the dating website eHarmony, where she met Burton, and Ross "leased" Plaintiff to Burton to engage in sexual servitude and forced labor. *Id.* at 12. She claims that Burton abused her in the same manner Ross did and that both Ross and Burton blackmailed her by holding her children hostage. *Id.*

Plaintiff's allegations against the United States concern sweeping historical injustices, which date back to the founding of the nation. *See id.* at 13–16. Plaintiff claims that Black Indigenous Americans were the original inhabitants of North America. *Id.* at 7, 13. She claims they executed several treaty agreements with the United States from 1778 to 1871, which resulted in the United States illegally taking the land covered by the agreements. *Id.* at 13–16. Plaintiff claims that Black descendants of Black Indigenous Americans are "the legal and rightful owners of all land covered by said treaty agreements" and "legal citizens." *Id.* at 14.

According to Plaintiff, Black Indigenous Americans created the Company of Kwa Nduru, which is a general partnership that founded and occupied a wholly segregated town in Wyandotte County. *Id.* at 6, 16-17. Plaintiff claims that Wyandotte County illegally annexed the above-described land and attempted to illegally dissolve the Company. *Id.* at 18.

Plaintiff requests a laundry list of relief, including that the court order a maternity test to prove Plaintiff is not related to Ross, correct her legal name to honor her Black Indigenous heritage, nullify her original birth certificate and issue a new one in accordance with her allegations, nullify her alleged marriages and divorces, nullify the adoption of her son, nullify her three children's birth certificates and issue new ones, implore the DC Human Trafficking Task Force to prosecute Ross and Burton, nullify all debts incurred by Plaintiff prior to her successful escape in February 2022, declare the Company of Kwa Nduru the only lawful and legal owner of land recorded as Documents #00_01 and #00_06 with the Wyandotte County, Kansas Register of Deeds Office, and declare that Black descendants of Black Indigenous Americans are the only lawful and legal owner of the aforementioned land. *Id.* at 21. Plaintiff also asks the court to award her $40,000,000,000 in monetary damages, punitive damages, and reparations "for being enslaved for more than forty years," in addition to $100,000,000,000 in monetary and punitive damages for the illegal use of, profit from, and extraction of natural resources from the land recorded as Documents #00_01 and #00_06" with the Wyandotte County, Kansas Register of Deeds Office "for over one hundred years." *Id.* at 23. Lastly, Plaintiff asks the court to award every Black descendant of Black Indigenous Americans $1,000,000,000 in gold dust for the illegal use of, profit from, and extraction of natural resources of their land for over one hundred years. *Id.*

## II. PROCEDURAL HISTORY

On December 23, 2022, the United States removed this case from D.C. Superior Court to this court based on 28 U.S.C. § 1442(a)(1). *See* Notice of Removal, ECF No. 1. On December

30, 2022, the United States moved to dismiss Plaintiff's complaint. *See* Mot. to Dismiss, ECF No. 4. Plaintiff responded primarily by restating her claims. *See* Response, ECF No. 5.

On January 17, 2023, Plaintiff moved to amend her complaint but did not include the proposed pleading as is required by Local Rule 15.1. *See* Mot. for Leave to File Amended Complaint, ECF No. 6. Plaintiff also filed a motion requesting DNA testing to prove that she was human trafficked by Ross at birth and a separate motion to serve Defendants via electronic service of process because she "is homeless and without income." S*ee* Motion to Request DNA Testing, ECF No. 7; Mot. for Electronic Service, ECF No. 8.

On May 22, 2023, Plaintiff filed four additional motions: requesting that the court "assign[] this case to a Black judge and ensur[e] an all Black jury is detained," Mot. to Request Judge & Jury, ECF No. 14 at 1; responding to the court's April 17, 2023 Minute Order to Show Cause, Mot. to Show Cause, ECF No. 15; "requesting that the court acknowledge its legal and moral obligation to free two human trafficking victims by informing them they are not related to" Ross, Mot. for Partial Summ. J., ECF No. 16 at 10; and requesting that the court prosecute four individuals, including Ross and Burton, for federal crimes, Mot. to Adjudicate Criminal Charges, ECF No. 17.

### III.   ANALYSIS

"The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia,* 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). But this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the

Court to decide what claims a plaintiff may or may not want to assert." *Jarrell*, 656 F. Supp. at 239 (citations omitted).

    1.  <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Rule 12(b)(1) imposes on the court an affirmative obligation to ensure that it is acting within the scope of its authority. *See Bond v. Dep't of Just.*, 828 F. Supp. 2d 60, 69 (D.D.C. 2011). The plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). "A complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (internal quotation marks omitted). The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citations omitted); *see also Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) ("jurisdiction . . . is wanting where the claim set forth in the pleading is plainly unsubstantial"); *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (suggesting that a plaintiff's "bizarre conspiracy theories" may warrant dismissal under Rule 12(b)(1)).

Here, Plaintiff's complaint "present[s] no federal question suitable for decision," as she broadly cites the Dawes Act of and 371 recorded treaties the United States executed as support for her requested relief. *Best*, 39 F.3d at 330. Her allegations form a "bizarre conspiracy

theor[y]" involving being human trafficked by the person known as her mother and a government plot to deprive her of land she is entitled to as a royal heir. *Id.* Consequently, the court will dismiss Plaintiff's claims pursuant to Rule 12(b)(1).

  2. Federal Rule of Civil Procedure 12(b)(6)

A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff could not possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C.), *aff'd*, 621 F. App'x 676 (D.C. Cir. 2015) (citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012)) (internal quotations and brackets removed).

In addition, Federal Rule of Civil Procedure 8(a) requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted). A plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted). A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*.

*Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotations omitted).

Plaintiff's complaint does not meet the Rule 8 pleading standard. Her factual allegations are rambling, disjointed and unclear—as are the legal theories ostensibly providing the basis for her claims. Thus, she has not given the Defendants "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation and citation omitted). Moreover, her claims "are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). Consequently, the court will dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## IV.     CONCLUSION

Plaintiff's complaint and subsequent motions are unintelligible. Each filing is "replete with incredulous accusations and allegations that are simply incomprehensible." *McKinzie v. Obama*, No. 15-00483, 2015 WL 1743276, at *1 (D.D.C. Apr. 3, 2015). For the reasons set forth above, this court will DISMISS this action *sua sponte* without prejudice. Accordingly, the government's Motion to Dismiss and Plaintiff's remaining motions are MOOT. *See* ECF Nos. 4, 6, 7, 8, 14, 15, 16, and 17.

Date: June 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge